10-2531-ag
Ye v. Holder

BIA
Abrams, IJ
A094 789 122

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of August, two thousand eleven.

PRESENT:

> JON O. NEWMAN,
> RICHARD C. WESLEY,
> PETER W. HALL,
>     *Circuit Judges.*

_____

RONG YE, AKA YE RONG,
        *Petitioner,*

        v.                                    10-2531-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Rong Ye, a native and citizen of the People's Republic of China, seeks review of a June 9, 2010, decision of the BIA, affirming the July 21, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Ye*, No. A094 789 122 (B.I.A. June 9, 2010), *aff'g* No. A094 789 122 (Immig. Ct. N.Y. City July 21, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Rather than addressing the IJ's adverse credibility determination, the BIA found that Ye failed to sustain his burden of proof because he failed to provide reasonably

-2-

available evidence. Because the BIA declined to reach the IJ's adverse credibility determination, we assume the credibility of Ye's testimony. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Although an applicant's credible testimony alone may be enough to carry his burden of proof, 8 C.F.R. § 208.13(a), the agency may nonetheless require that the testimony be corroborated if one would reasonably expect corroborating evidence to be available. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu v. Holder*, 575 F.3d 193, 196-98 (2d Cir. 2009); *see also Diallo v. INS,* 232 F.3d 279, 285 (2d Cir. 2000).

The BIA found that an affidavit Ye submitted from a friend in China was of limited evidentiary weight because the affidavit stated that Ye was arrested after Chinese cadres "stormed inside," whereas Ye testified that he was arrested in an field. Although Ye argues that the reference to "inside" might include inside a field, at least in Chinese, the BIA was not required to accept his explanation for the inconsistency as it would not necessarily be compelling to a reasonable fact-finder, and, consequently, it did not err in according diminished weight to the affidavit. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an agency need

-3-

not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight accorded to evidence lies largely within the agency's discretion).

However, the BIA erred in finding that Ye did not submit reasonably available corroborative evidence without addressing his explanations. In particular, the BIA faulted Ye for failing to corroborate his account with testimony or an affidavit from his friend, Fei Ye ("Fei"), who was in the United States, and with whom Ye was practicing Falun Gong at the time of his arrest in China. The BIA also found that Ye failed to corroborate his current practice of Falun Gong with testimony from his fellow practitioners in the United States. Ye argues that this evidence was not reasonably available, because, as he explained to the IJ, Fei did not have legal immigration status in the United States and his fellow Falun Gong practitioners were afraid to come to the immigration court. Ye further averred before the IJ that Fei was afraid to come to his attorney's office to prepare an affidavit. In concluding that Ye failed to provide this corroborating

-4-

evidence, neither the IJ nor the BIA addressed Ye's explanation for why the evidence was not reasonably available.

We have held that before the BIA concludes that an alien has not provided adequate corroboration of an otherwise credible claim, it must "explain specifically . . . why [the alien]'s proffered explanations for the lack of such corroboration are insufficient." *Diallo,* 232 F.3d at 290. Moreover, we have observed that "[i]t might be plausible that [a petitioner] would be unable to provide statements from corroborating witnesses regarding his activities in [his native country], and he might not be expected to do so, if the only people aware of these activities were . . . people present in the United States illegally," because "such people . . . may understandably desire to keep a low profile." *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 568-69 (2d Cir. 2006). Accordingly, the agency's failure to assess Ye's explanation as to why corroborative evidence was not reasonably available warrants remand. *See Diallo,* 232 F.3d at 290.

Finally, we decline to conclude that Ye has waived his claims to withholding of removal and CAT relief because, contrary to the government's argument, Ye has challenged the BIA's burden finding, which was the basis of its denial of Ye's asylum claim, as well as his claims for withholding of

removal and CAT relief.  However, because Ye has never challenged the IJ's denial of his application for CAT relief on the grounds of illegal departure, we consider that argument abandoned.  *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007).

For the foregoing reasons, the petition for review is GRANTED, the order of removal is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this decision.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk